**EXHIBIT A**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Jessica Grimes ("Grimes"), on the one hand, and Southeast Restaurants Corp. (referred to as "Defendant"), on the other hand.

### WITNESSETH:

WHEREAS, Grimes filed a lawsuit encaptioned: *Jessica Grimes v. Southeast Restaurants Corp., d/b/a Pizza Hut*, Civil Action File No. 1:12-CV-150 (WLS), in the United States District Court for the Middle District of Georgia (sometimes referred to hereinafter as the "Lawsuit"), alleging, *inter alia*, that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

WHEREAS, Defendant denied and continues to deny any liability with respect to the Lawsuit; and

WHEREAS, Defendant and Grimes (Defendant and Grimes hereinafter referred to collectively as "the Parties") desire to settle and resolve their differences with respect to Grime's FLSA claims or claims for unpaid wages, overtime, or other compensation, without any further proceedings or litigation on the following terms and conditions:

NOW, THEREFORE, in consideration of the mutual promises of the Parties to this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. It is understood and agreed that this Agreement is not an admission by Defendant that any action taken by it with respect to Grimes was wrongful, unlawful, or in violation of any federal or state common law, statutory or constitutional provision. Instead, this Agreement is entered into solely for the purpose of compromise and in order to fully resolve Grimes' alleged claims under the FLSA, up to the date the Parties execute this Agreement.

2.  For and in consideration of the payment described in paragraph 3 of this Agreement, Defendant's agreement to be legally bound by the terms of the Agreement, and Defendant's undertakings as set forth herein, Grimes agrees as follows:

(a) Grimes agrees to take all further steps necessary to effectuate the dismissal of her claims under the FLSA with prejudice.

(b) Grimes agrees to discharge Defendant and any of its franchisors or franchisees, subsidiaries, divisions or affiliates, related or parent companies (including, but not limited to, Pizza Hut, Inc. and Yum Brands, Inc.), or the present, future, or former employees, managers, members, attorneys, agents, shareholders, officers, directors, or successors of these entities, in any individual or corporate capacity (the "Released Parties"), from any and all claims, demands, damages, lawsuits, appeals, or causes of action of any kind she may have arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. as of the date of the execution of this Agreement (the "Released FLSA Claims"). Plaintiff agrees that with the submission of the Payment described in paragraph 3, that she has been paid all wages or overtime that she is entitled to under federal or state law.

3.  For in and in consideration of Grimes's execution of the Agreement, Grimes's agreement to be legally bound by its terms, Grimes's agreement to release the Released FLSA Claims, and Grimes's undertakings as set forth herein, Defendant agrees to pay Grimes and her counsel, The Roper Law Firm, the total sum of Seven Thousand Dollars and No Cents ($7,000.00), in full and complete satisfaction of the Released Claims (the "Payment"). The Payment shall be conveyed in three checks as specified below:

(a) a check in the amount of $1,500 made payable to "Jessica Grimes," less all applicable withholdings and deductions, for alleged back pay damages. Defendant will issue a Form W-2 for this payment;

(b) a check in the amount of $1,500 made payable to "Jessica Grimes" for alleged non-monetary damages. Defendant will issue a Form 1099 for this payment; and

(c) a check in the amount of $4,000 made payable to "The Roper Law Firm" for attorneys' fees and costs. Defendant will issue a Form 1099 for this payment.

The Payment will be tendered within ten (10) calendar days after (i) Defendant's attorney, James M. Hux, Jr., receives the original fully executed Agreement; and (ii) the federal District Court overseeing the Lawsuit approves this Settlement Agreement and issues an Order dismissing Plaintiff's FLSA claims with prejudice. The Payment shall constitute the sole monetary compensation due Grimes in return for her release of the Released FLSA Claims and her agreement to be bound by this Agreement. Grimes acknowledges that she would not be entitled to the Payment if she did not sign this Agreement.

4. Grimes acknowledges and agrees that Defendant has not made any representation as to the taxability or non-taxability of the settlement proceeds, and further acknowledges and agrees that she shall be solely responsible for the payment of any taxes and/or penalties that may be assessed by any taxing authority.

5. This Agreement shall be binding upon and inure to the benefit of the Parties, their respective representatives, insurers, predecessors, successors, heirs, assigns, officers, and directors.

6. This Agreement constitutes and contains the entire agreement and understanding by and among the parties concerning the subject matter of this agreement to settle Grime's FLSA claims, and supersedes and voids all prior negotiations, proposed agreements and understandings, if any, between the Parties concerning this settlement. There may be no modification to the terms of this Agreement except in writing signed by all parties.

7. Except as otherwise specified herein, the Parties agree to bear their own costs and

attorneys' fees with respect to the Released FLSA Claims.

8. The Parties agree that this Agreement shall be governed by the laws of the State of Georgia, and the terms of this Agreement may be enforced in any court of competent jurisdiction as with any other contract entered into in the State of Georgia.

9. Grimes acknowledges that she has read the foregoing Agreement, that she has discussed the Agreement with her counsel, and that she fully understands that she is releasing her FLSA claims against the Released Parties as of the date of the execution of this Agreement.

10. This Agreement may be executed in counter-parts, and authentic, facsimile, or PDF signatures shall be deemed to be original signatures for all purposes.

Dated: Aug 9, 2013

_____
Jessica Grimes

Dated: Aug 9, 2013

_____
On behalf of Southeast Restaurants Corp.