**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| JESSICA GRIMES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CV-150 (WLS) |
| | : | |
| SOUTHEAST RESTAURANTS CORP, | : | |
| d/b/a PIZZA HUT, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Presently pending before the Court is the Parties' Amended Joint Motion for Approval of Settlement of FLSA Claims. (Doc. 26.) For the reasons set forth below, the Amended Joint Motion for Approval of Settlement (Doc. 26) is **GRANTED.** Furthermore, because the parties stipulate to withdrawal of Joint Motion for Approval of Settlement of FSLA Claims (Doc. 18) and Plaintiff's Motion for Award of Attorney's Fees (Doc. 25), those Motions are **DENIED AS MOOT.**

## PROCEDURAL AND FACTUAL BACKGROUND:

Plaintiff alleges that Defendant changed her wages and tips arbitrarily, paid her less for her work than identical work being done by male African American colleagues, paid her less than the minimum wage for periods when her work was not in an excepted category, and did not pay her overtime wages when she worked more than a normal work week. (Doc. 1 at 3.) Plaintiff also asserts that her complaints to the Georgia Department of Labor resulted in retaliation. (*Id.*) Plaintiff filed suit seeking damages under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (*Id.* at 8-9.) Plaintiff sought actual, compensatory, and

punitive damages, all to be proven at trial, as well as attorney's fees and expenses.  (*Id.* at 11.)

In the parties' first Joint Motion for Approval of Settlement (Doc. 14), the parties requested that the Court approve the proposed settlement agreement and dismiss the case with prejudice.  (*Id.* at 5.)  The parties did not attach a copy of the settlement agreement to the Motion, but requested that the Court allow for *in camera* review or that it allow the parties to file the settlement agreement under seal.  (*Id.*)  On April 16, 2013, the Court allowed the parties to submit the settlement agreement under seal for the Court's review.  (Doc. 16.)  On July 26, 2013, this Court denied the parties' settlement agreement because the agreement did not state whether Plaintiff was receiving liquidated damages or, if not, the reasons therefor; the agreement did not demonstrate the reasonableness of the attorney's fees; the agreement contained a potentially overbroad confidentiality provision and non-disparagement provision; and the agreement contained an overbroad release provision. (Doc. 17 at 5-9.)  Further, the Court denied the parties' stipulation to seal the agreement based on public policy grounds.  (*See id.* at 3-4.)

The parties filed their Joint Motion for Approval of Settlement of FLSA Claims, (Doc. 18), and exhibits in support thereof (Doc. 20), on August 9, 2013.  On August 12, 2013, Plaintiff filed a Motion for Award of Attorneys' Fees.  (Doc. 25.)  The parties filed the instant Amended Joint Motion for Approval of Settlement of FSLA Claims on August 26, 2013.  (Doc. 26.)  The parties stipulate to dismissing the previously filed motions and exhibits.  (*Id.* at 1.)

## ANALYSIS

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Because the agreement between the parties was not made under the supervision of the Secretary of Labor, *see* 29 U.S.C. § 216(c), the Court must scrutinize the parties' settlement for fairness before entering a "stipulated judgment." *See* 29 U.S.C. § 216(b); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982) (citations omitted). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of their rights. *Lynn's Food Stores*, 679 F.2d at 1352 (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)).

Before approving a FLSA settlement, the court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x. 349, 351 (11th Cir. 2009) (per curiam).

### A.    Damages Award:

Any employer who violates 29 U.S.C. §§ 206 or 207 is liable to the affected employee for the total amount of unpaid minimum wage plus an additional equal amount in liquidated damages. 29 U.S.C. § 216(b). In the instant case, the United States Department of Labor, Wage and Hour Division, determined that Defendant owed

Plaintiff $766.67 in gross back wages. (Doc. 26-2 at 2.) Because the Department of Labor made this finding, the Court finds that the above-captioned case involves a bona fide dispute. *See Lynn's Food Stores*, 679 F.2d at 1354-55.

The Settlement Agreement and Release presently before the Court awards Plaintiff $1,500 in back pay and $1,500 for "non-monetary damages." (Doc. 26-1 at 3-4.) The stipulated damages award to Plaintiff, which is $1,500, is approximately double the amount determined by the Department of Labor to be owed by the Defendant in back pay. (Doc. 26-1 at 3.) The "non-monetary damages" award meets the requirement that the liquidated damages amount equals the total amount of unpaid minimum wage. (*Id.* at 4.) *See* 29 U.S.C. § 216(b). As such, the Court finds that the Damages Award contemplated by the parties' Settlement is a "fair and reasonable resolution of a bona fide dispute." *See Lynn's Food Stores*, 679 F.2d at 1354-55.

B.     Attorney's Fee and Costs:

To encourage private enforcement of statutory rights under the FLSA, Congress created a fee-shifting provision in the Act which states: "The court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As explained by the Eleventh Circuit, when a statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees. *Norman v. Hous. Auth. of the City of Montgomery, Ala.,* 836 F.2d 1292, 1298–99 (11th Cir. 1988) (citations omitted).

Under the lodestar method, a court determines the objective value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate. *Id.* at 1299 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). A "reasonable

4

hourly rate" is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The burden is on the party seeking fees to produce "specific and detailed evidence" demonstrating the reasonableness of the requested amount." *Id.* at 1303. The burden to prove a reasonable hourly rate is not a light one. "Hours reasonably expended" are those that are not "excessive, redundant, or otherwise unnecessary" and are performed by an attorney who has exercised "billing judgment." *Id.* at 1301 (quoting *Hensley,* 461 U.S. at 434, 437). Therefore, "a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in similar cost benefit analysis." *Id.*

The Settlement Agreement and Release contemplated by the instant motion lists compensation for Plaintiff's counsel as $4,000. (Doc. 26-1 at 4.) Plaintiff's counsel, John W. Roper, lists his time spent on this matter as 35.03 hours, at a rate of $300 per hour, totaling $10,509.00. (Doc. 26-3 at 4.) Mr. Roper attached a spreadsheet of the tasks completed and the time he spent on each task. (*Id.* at 7-11.) Mr. Roper has also provided the Court with his credentials and experience. (*See id.* at 2-3.) An award of attorney fees in the amount of $4,000 for 35.03 hours equates to approximately $114.19 per hour, less than one-half counsel's asserted rate. (*See id.* at 4.)

Based on a review of the enumerated tasks and time associated therewith, counsel's credentials and experience, and the discounted rate that counsel is to receive as attorney's fees, the Court finds that the award of attorney's fees and costs is fair and reasonable.

C.    Conflict of Interest Associated with Attorney's Fees:

A number of district courts in this circuit have noted that potential conflicts of interest may arise in the settlement of FLSA claims.  "[A] potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs" in a FLSA settlement.  *Petrov v. Cognoscenti Health Inst., LLC,* No 6:09–CV–1918–ORL–22GJK, 2010 WL 557062, at *3 (M.D. Fla. Feb.12, 2010).  *Petrov* indicated increased scrutiny should be exercised when the "FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise."  *Id.*  District courts in this circuit have also indicated that simultaneous negotiation of attorney's fees with a damages award in a FLSA settlement should trigger increased scrutiny of the reasonableness of the settlement.  *See Moreno v. Regions Bank,* 729 F. Supp. 2d 1346, 1347 (M.D. Fla. 2010) (fee agreement appears reasonable when "the parties negotiated [the attorney's fee amount] separately and without regard to the amount paid to the plaintiff.");  *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Here, there is no indication that the award of attorney's fees and costs reduced Plaintiff's recovery.  Plaintiff's award includes $1,500 for back pay, which is nearly twice the amount the Department of Labor determined to be owed to her by Defendant, plus an equal amount in liquidated damages.  Because Plaintiff is being more than fully compensated for the back pay amount owed to her, the Court finds there is no basis for a concern regarding a conflict of interest between Plaintiff and her counsel.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Joint Motion for Approval of Settlement.  (Doc. 26.)  Therefore, it is **ORDERED** that Plaintiff's Complaint (Doc. 1) be **DISMISSED WITH PREJUDICE**.  Because the parties stipulate to withdrawal of Joint Motion for Approval of Settlement of FSLA Claims (Doc. 18) and Plaintiff's Motion for Award of Attorney's Fees (Doc. 25), those Motions (Docs. 18 & 25) are **DENIED AS MOOT.**

**SO ORDERED**, this ___29th___ day of August, 2013.

/s/ W.  Louis Sands_____
**THE HONORABLE W. LOUIS  SANDS,**
**UNITED STATES DISTRICT COURT**